UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**ELPIDIO MOJARRO-RAMIREZ,**<br><br>Defendant. | CRIMINAL NO. 18-cr-__0095__<br>     18-cr-0097<br>**UNDER SEAL** |

## STATEMENT OF FACTS

Were this case to proceed to trial, the United States of America would prove the following facts at trial beyond a reasonable doubt:

1. This proffer of evidence is not intended to constitute a complete statement of all facts known by Defendant **ELPIDIO MOJARRO-RAMIREZ** (hereinafter, "Defendant"), but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea and his sentencing.

2. On or about February 27, 1993, while serving a sentence upon conviction for the commission of conspiracy to possess with intent to distribute cocaine, in violation of Title 21, United States Code, Section 846, the Defendant knowingly escaped from Yankton Federal Prison Camp in Yankton, South Dakota, in violation of Title 18, United States Code, Section 751.

3. Following that escape, the Defendant returned to his native country of Mexico.

4. Beginning on or about 1994 and continuing to approximately January 29, 2015, the exact dates being unknown, in Mexico and elsewhere, the Defendant was part of a conspiracy, the object of which was to distribute five (5) kilograms or more of a mixture or substance

containing a detectable amount of cocaine, a schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 959(a); Title 21, United States Code, Section 963; and Title 18, United States Code, Section 2.

5. Beginning in or around May 2014, and continuing through approximately January 29, 2015, the exact dates being unknown, in the countries of Mexico, Venezuela, and elsewhere, the Defendant was part of a conspiracy, the object of which was to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance, on board an aircraft registered in the United States, in violation of Title 21, United States Code, Section 959(c); Title 21, United States Code, Section 963; and Title 18, United States Code, Section 2.

6. At various times throughout the course of the conspiracy from on or about 1994 until approximately January 29, 2015, the Defendant worked in a criminal organization that conspired to traffic multi-ton quantities of cocaine from Colombia through Central America and Mexico and then into the United States. The Defendant coordinated the transportation of the cocaine from Guatemala and Honduras to Mexico on trucks, including in hidden compartments within the trucks, which the Defendant built to evade law enforcement detection of the cocaine while in transport. The Defendant would deliver large quantities of cocaine directly to buyers within Mexico, and would receive United States currency from those buyers as payment for the cocaine sold by his drug trafficking organization. The Defendant would then coordinate the transportation of those drug proceeds within Mexico to be delivered to other members of his drug trafficking organization, again using trucks, including by concealing the currency within hidden compartments on the vehicles. The Defendant was a leader and organizer of the drug

trafficking organization of which he was a part, and his drug trafficking organization involved more than five participants.

7.      At various times throughout the course of the conspiracy from on or about May 2014 until approximately January 29, 2015, the Defendant coordinated the use of U.S.-registered aircraft in order to distribute cocaine from Venezuela to Honduras, in order that the cocaine would be thereafter transported from Honduras, through Mexico, and ultimately to the United States. The Defendant coordinated the purchase of two aircraft in the United States and the temporary borrowing of one aircraft in Mexico, all three of which were registered in the United States, for this purpose. In addition to coordinating their purchase and use, the Defendant paid at least some of the costs for these aircraft, and worked with co-conspirators to make logistical arrangements for the planned cocaine shipments via U.S.-registered aircraft. Ultimately, all three aircraft crashed before they could complete the transport of cocaine into Honduras. The third aircraft was shot down by the Venezuelan military and crashed in Aruban waters off the Colombia-Venezuela border. Aruban law enforcement authorities recovered approximately 488 kilograms of cocaine from the crash site in the ocean on January 29, 2015.

8.      The Defendant admits that he was aware that the drugs trafficked by members of the conspiracy were going to be illegally imported into the United States for further distribution.

9.      The Defendant admits that the total amount of cocaine involved in this conspiracy that is directly accountable to him was in excess of four hundred and fifty (450) kilograms, including multi-tonnage quantities of cocaine over the charged time period.

10.     With respect to his 1993 prison escape, the Defendant admits that he was in the custody of the Yankton Federal Prison Camp on February 27, 1993, at which facility he was lawfully confined at the direction of the Attorney General of the United States as a result of his

conviction for conspiracy to possess with intent to distribute cocaine, and that he knowingly and voluntarily left such custody without permission.

11. The Defendant agrees that the above-outlined facts satisfy each of the essential elements of the charges to which the Defendant is entering his plea. The Defendant acknowledges that there are additional details about his involvement in the drug trafficking conspiracy and his escape from federal custody that are not included in this statement.

12. The Defendant also agrees that his participation as a conspirator in the above-described acts was in all respects knowing, intentional, and willful, reflecting an intention and deliberation to do something the law forbids, and were not in any way the product of any accident, mistake of law or fact, duress, entrapment, or public authority.

13. The Defendant is pleading guilty because the Defendant is in fact guilty.

ARTHUR G. WYATT
CHIEF, NARCOTIC & DANGEROUS DRUG SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

Date: 4/9/18    By: _____
Brett Reynolds
Trial Attorney

Approved by:

Date: 4/9/18    By: _____
Amanda Liskamm
Deputy Chief

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement with the assistance of an English-Spanish interpreter, and have discussed it at length with my attorney, Manuel Guerra, III, Esquire, who speaks Spanish. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraphs two, four, and five.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

_____    4/12/2018
Elpidio Mojarro Ramirez           Date
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I am the Defendant's attorney. I have fully explained to the Defendant, with the use of an English-Spanish interpreter, the Defendant's rights and the applicable provisions of the Sentencing Guidelines. I have carefully reviewed every part of this Plea Agreement with the Defendant. The Defendant is entering into this Plea Agreement voluntarily, intelligently and with full knowledge of all consequences of the Defendant's plea of guilty.

_____    4/12/2018
Manuel Guerra, III, Esq.           Date
Attorney for Defendant